IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Franchise Management LLC,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO INTERVENE**<br><br>Case No. 2:25-cv-00392-TC-DBP<br><br>Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

　　　　Plaintiff Equal Employment Opportunity Commission (EEOC) brings this action under Title VII of the Civil Rights Act of 1964 (Title VII) to correct Defendant Franchise Management LLC's allegedly unlawful employment practices and provide appropriate relief to the charging party, Nathan Calaway. (Compl., ECF No. 1)

　　　　This matter comes before the court on Mr. Calaway's motion to intervene and assert additional claims against Franchise Management for sexual battery and abuse, negligent infliction of emotional distress, negligent hiring and supervision, and vicarious liability. (Mot., ECF No. 9; Nathan Calaway's Compl. in Intervention, ECF No. 9-1.)  Neither the EEOC nor Franchise Management opposes Mr. Calaway's motion.  (See ECF No. 9 at 1; Def.'s Not. of Non-Opp'n, ECF No. 12 (acknowledging that the charging party in a Title VII action is an "aggrieved person" with a statutory right to intervene under 42 U.S.C. § 2000e-5(f)(1)).)

Under Title VII, "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC.]" 42 U.S.C. § 2000e-5(f)(1). The court agrees with the parties that Mr. Calaway constitutes a "person aggrieved" under Title VII, meaning that Mr. Calaway has an unconditional statutory right to intervene in this action under Rule 24 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 24(a) ("On timely motion, the court must permit anyone to intervene who (1) is given an unconditional right to intervene by a federal statute.").

The court also grants Mr. Calaway leave to file his Complaint in Intervention, which contains several additional causes of action beyond those brought by the EEOC. (ECF No. 9-1.) These claims against Franchise Management arise from the same facts underlying the EEOC's Title VII claims. Hearing these issues together will promote the efficient use of judicial resources.

Accordingly, Mr. Calaway's motion to intervene (ECF No. 9) is GRANTED, and Mr. Calaway is granted leave to file his Complaint in Intervention. (See ECF No. 9-1.)

DATED this 1st day of July, 2025.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge